IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JUL 25 P 2: 05

2:06 CV 660 - W
K
W

BETTY J. ADAMS; PAMELA M.
ADAMS; DARLENE AGUIGUI;
JOE APLIN; MILDRED APLIN;
CHARLES WAYNE BARRINEAU;
COLEMAN B. BASS SR.;
ARETHA WRIGHT BELCHER;
ANDERSON BRADBERRY;
MATTHEW F. BRADLEY; A.
BROOKS; JANIE MAE BROOKS;
RUBY ANN BROOKS; TERESA
CASSADY; BRENDA
CHAMBERS; CLYDE
CHAMBERS; PRINSCILLA
ANTHONY CHATMAN; ROBERT
LEE COLLINS; FRED D
COMMANDER; ANDREW
DAVID DUNN; CHARLENE WISE
EDWARDS; ELIZABETH
FRAZIER; MARY ALENE
GILBERT; GWEN GOMILLION;
MARTHA JOE GOMILLION;
FANNIE LUE HARTLEY; JAMES
F. HATTAWAY; WILLIE PAUL
HATTAWAY; HAROLD T.
HUGHES; JAMES A. HUGHES;
TERRY HUGHES; ALEX
HUTCHINSON; JACKIE
INABINETT; MARY JACKSON;
JOHNNY L. JOHNSON;
RAYMOND KELLEY; WALTER
KEMBRO; B. EDGAR KYSER;
BETTY KYSER; EVERETT
LAIRD; GRACIE T. LEWIS;
NICOLE T. LYNN; JANICE
NELSON; AMY AMANDA
NORRIS; LEWIS E. OWENS;
LOUVERSIA PARKS; DAVID

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

LAVON PICKRON; IVAN B.
PICKRON; WILMER C.
PICKRON; JOANN QUALLS;
CORNELIUS REYNOLDS;
FANNIE MAE ROBINSON;
WILLIE JEWEL ROBINSON;
JAMES E. ROGERS; JAMES
HUBERT TAYLOR SR.; JAMES
T. THORNTON JR.; JOHNNY M.
TODD; GLENNIE TURNER; B.
RUTH VAN ZANT; FLOYD E.
WARHOP; BILLIE JUNE
WHITLEY; VERNELL WILKINS;
JIMMY WILLIAMS; MARION R.
WILLIAMS; ERNEST L.
WILLIFORD; MARVIN
DEWAYNE WILLIFORD SR.;
CELESTA PORTER WILSON;
CODY S. MARTIN, WHO SUES
BY AND THROUGH HIS
MOTHER AND NEXT OF
FRIEND JOYCE MARTIN;
ROBERT GENE VAUGHN, JR.,
WHO SUES BY AND THROUGH
HIS FATHER AND NEXT OF
FRIEND ROBERT GENE
VAUGHN, SR.; MELISSA
HOLLEY; CRYSTAL MARIE
JOWERS (TAREY); ROSE
BARTON WILKERSON; ETHEL
RAMONA ADAMS; PHYLLIS I.
ADAMS; EVELYN ANTHONY;
LOUISE BALL; SANDRA D.
BARNES; GLORIA A. FERRELL
BATTLE; SUSIE BETTIS; SUSAN
BIDDLE; CHEYBREL
BRADBERRY; DIANNA HILL
BRADLEY; ANGIE WILLIFORD
BRYAN; ROBYN L. BURNETT;
AGNES T. CADE; CARRIE

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

2

(LYNN) CARTER; ELIZABETH                *
A. CASSADY; GLORIA DEVON                 *
CHAMBERS-SPYCHALSKI;                     *
RUBY CHATMAN; TARA P.                    *
CHATMAN; WANDA FAYE                      *
CHATMAN-SLEDGE; JACKLON                  *
COLEMAN; TIFFANY BRADLEY                 *
COLEMAN; CEOLA COLLINS;                  *
CAROL B. COMMANDER;                      *
RACHEL M. COOK; TWANNA                   *
COON; MARTHA L. CORBIN;                  *
JOANNA MARIE COTTON;                     *
MARY T. (BOYKIN) EDWARDS;                *
QUEEN J. FEAGIN; ELIZABETH               *
BROOKS FINDLEY; GLENDA                   *
FAYE FOUNTAIN; SHERRIL D.                *
GEOHAGAN; BERNICE                        *
GOLDSMITH; LISA HARRISON;                *
LORETTA HARRISON; DEBRA                  *
HARTLINE; PAULA                          *
HATTAWAY; JOANN                          *
HENDERSON; DEBRA HUGHES;                 *
STACEY BODIFORD INMAN;                   *
NORMA FAYE JOHNSON;                      *
YOLANDA YVETTE JONES;                    *
KIMBERLY CHARLYSE                        *
KIMBRIL; EVELYN A. LAIRD;                *
LOIS AUGHTMAN LASSISTER;                 *
JOYCE JOHNSON MARTIN;                    *
INEZ BRADLEY MATTHEWS;                   *
JOYCE CARR MATTHEWS;                     *
JOYCE ELIZABETH                          *
MATTHEWS; SARAH M.                       *
MATTHEWS; CATHERINE                      *
PARKER MCCRAY; LAKIMMA                   *
A. MOORE; JEANECE TAYLOR                 *
ODOM; LOIS ORDES; ALICE                  *
ORNDORFF; BARBARA ADAMS                  *
OSBORN; RUBY FRANCIS                     *
PEACOCK; JOYCE PERDUE;                   *

3

DAPHNE ROWE; MELISSA     *
COLLINS SMILEY; GENELL     *
SMITH; LAURA LEIGH     *
STRICKLAND; EVELYN MARIE     *
TATUM; SHERRY TAYLOR;     *
TAMMY TAYLOR; TRACIE     *
BOYINGTON THOMAS; CRISSY     *
THOMPSON; TONYUA L.     *
THRASH; EMOGENE L.     *
TISDALE; MELISSA THOMAS     *
TOLES; SYLVIA WALLACE;     *
SUE ANN WILKERSON; RENEE     *
J. WILLIAMS; VICTORIA     *
WILLIAMS; ELAINE STONE     *
WILSON; MARJERL WILSON     *
(LYNN); WENDY A. WINDHAM;     *
JENNIFER ADAMS; NICHOLAS     *
D. ADAMS; JOSEPH L.     *
BARFOOT; SONNY LEE     *
BEDSOLE; JOANUS BROWN;     *
STACY BRYANT; CLAYTON J.     *
BURLISON; JAMES E.     *
CASSADY; JIMMY NATHAN     *
CASSADY; EVERETT LYNN     *
CHRISTIAN; YVONNIE JEAN     *
COOK; TERESA COON;     *
MICHAEL TRAVIS COTTON;     *
SAMANTHA GARVIN; CYNTHIA     *
ANN HALLFORD; JOHN L.     *
HENDERSON; ROBERT JASON     *
HUGHES; CATHERINE DUKES     *
JACKSON; ROBERT JOHN     *
JACKSON; CORETTA JAMES;     *
XAVIER LESHAUN JONES;     *
VANESSA BRADLEY KELLEY;     *
DAVID ANTHONY LYNN;     *
RICKY JOE MARTIN; EVERETT     *
JASON MATTHEWS; JEANETTE     *
BRADLEY MATTHEWS;     *
KRISTEN JOY MATTHEWS;     *

**TED MATTHEWS; JERRI LYNN**
**NAZARIO; GWENEVER JEWEL**
**PEACOCK; LORI NICOLE**
**PELHAM; NICHOLAS**
**PICKRON; SHUMEKA**
**ROBINSON; LINDA SESSION;**
**FRANKIE LEE SKANES; JIMMIE**
**THOMAS; MONICA BARTON**
**WALKER; EVERETT**
**WALLACE; FRANCIS MARIE**
**WILLIAMS; JACKIE M. COOK,**
**WHO SUES BY AND THROUGH**
**HIS MOTHER AND NEXT OF**
**FRIEND SHERRY COOK;**
**JONATHAN ANDREW**
**BARRINEAU, WHO SUES BY**
**AND THROUGH HIS MOTHER**
**AND NEXT OF FRIEND CINDY**
**BARRINEAU; CLAYTON**
**ANDREW BRADLEY, WHO SUES**
**BY AND THROUGH HIS**
**MOTHER AND NEXT OF**
**FRIEND MADONNA BRADLEY;**
**NICHOLAS CASSADY, WHO**
**SUES BY AND THROUGH HIS**
**MOTHER AND NEXT OF**
**FRIEND LAURA CASSADY;**
**FRANK LEE COOK, WHO SUES**
**BY AND THROUGH HIS**
**MOTHER AND NEXT OF**
**FRIEND SHERRY COOK; RAY**
**WILLIAM HALL, WHO SUES BY**
**AND THROUGH HIS MOTHER**
**AND NEXT OF FRIEND WENDY**
**HALL; ANGELENA HUGHES,**
**WHO SUES BY AND THROUGH**
**HER MOTHER AND NEXT OF**
**FRIEND ESTHER HUGHES;**
**JOSHUA LEE NANCE, WHO**
**SUES BY AND THROUGH HIS**

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

**CIVIL ACTION NO.**

**JURY TRIAL DEMAND**

5

**MOTHER AND NEXT OF
FRIEND APRIL NANCE;
HEATHER NICHOLE PRICE,
WHO SUES BY AND THROUGH
HER MOTHER AND NEXT OF
FRIEND MARIE PRICE; HENRY
STEWART, WHO SUES BY AND
THROUGH HIS MOTHER AND
NEXT OF FRIEND PATRICIA
SUGGS; AMBER TATUM, WHO
SUES BY AND THROUGH HER
MOTHER AND NEXT OF
FRIEND EVA TATUM;
DAWELLYNE ROWE TERRY,
WHO SUES BY AND THROUGH
HIS MOTHER AND NEXT OF
FRIEND DAHNE ROWE; SARAH
THOMPSON, WHO SUES BY
AND THROUGH HER MOTHER
AND NEXT OF FRIEND KATIE
THOMPSON; DARREN
MATTHEW VAUGHN, WHO
SUES BY AND THROUGH HIS
MOTHER AND NEXT OF
FRIEND SHARON VAUGHN;
JENNA ALEXIS WORRELL,
WHO SUES BY AND THROUGH
HER MOTHER AND NEXT OF
FRIEND TRACY THOMPSON;
OLIVER L. COMALANDER;
JESSIE G. COON; DAVID O.
GOODWIN; PAMELA A.
HOLMES; TIMOTHY HOOKS;
DELORES JONES; CHRIS SR.
PELHAM; BILLIE WAYNE
PERDUE; GREGORY
ROBINSON; LOUISE WARD;
GEORGE E. WILSON;
COURTNEY THOMPSON, WHO
SUES BY AND THROUGH HER**

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

6

MOTHER AND NEXT OF                    *
                                      *
FRIEND KATIE THOMPSON;                *
                                      *
DERRICK ARMSTRONG;                    *
                                      *
HOWARD A. BARRETT; JIMMIE             *
                                      *
LOU BOWMAN; RONNIE C.                 *
                                      *
DAVIS; MARY EDNA FRAZIER;             *
                                      *
CHARLIE H. HILL; ROSIE L.             *
                                      *
JACKSON; JIMMIE NELL                  *
                                      *
MARSHALL; MATTHEW                     *
                                      *
NETTLES; JAMES ODOM;                  *
                                      *
TOMMY LEE PEACOCK;                    *
                                      *
FRANKIE PELHAM; JIMMIE                *
                                      *
PELHAM; HENRY G. PURDIE;              *
                                      *
CHRISTINE NMN REESE; ZADIE            *
                                      *
JACKSON ROBBINS; ELMORE               *
                                      *
NMN THRASH; BETTY JOYCE               *
                                      *
TODD; HILDA WALLACE;                  *
                                      *
MELVIN L. WILLIAMS; DANNY             *
                                      *
D. WILSON; NAYDEAN C.                 *
                                      *
YOUNG; YASMEEN DAVIS,                 *
                                      *
WHO SUES BY AND THROUGH               *
                                      *
HER MOTHER AND NEXT OF                *
                                      *
FRIEND SHANNON DAVIS;                 *
                                      *
EARNEST DANIEL TAYLOR,                *
                                      *
WHO SUES BY AND THROUGH               *
                                      *
HIS FATHER AND NEXT OF                *
                                      *
FRIEND EARNEST OSCAR                  *
                                      *
TAYLOR; JAMES DANIEL                  *
                                      *
ALLEN; MARY S. ANDERSON;              *
                                      *
SHEILA D. (PARKER)                    *
                                      *
ARMSTRONG; TERRY LYNN                 *
                                      *
BARNES; MARTHA J.                     *
                                      *
BLACKSHEAR; DONNA WISE                *
                                      *
BRACKEEN; SHERRILL A.                 *
                                      *
BRADBERRY; HELEN                      *
                                      *
BRADLEY; JANICE LOUISE                *
                                      *
(FOUNTAIN) BURKE; CHARLES             *
                                      *
CARSON; RUTHIE CARSON;                *
                                      *
TREIMONA CARSON; LILLIE               *
                                      *
CHANEY; KELLEY MICHELLE               *

7

COONE; STARLA DOREEN
DESAUSSURE; DIANE B.
GOLDSMITH; BEATRICE
RACHELLE HARRISON;
CONTESSA HARTLEY;
HAMILTON HENDERSON; OMA
J. HENDERSON; ERNESTINE R.
HOLMES; VIVIAN H. HOLMES;
CARNELL JAMES; DOROTHY F.
JAMES; APRIL JANE JOWERS;
LILLIE KITT; SONJA V. LEWIS;
JOYCE ANN LYNN (ROBINSON);
EDITH MATTHEWS; LACRECIA
MATTHEWS; SHARON C.
MATTRESS; RUBY MILLER;
CHARLES D. NOLAN; SERRENA
L. ORNDORFF-NOBLES; MARY
F. OWENS; ORLINE PORTER;
SUBRINA M. PRICE; LAVERA
ROBBINS; SHARON ROOF;
MICHAEL SANDERS; VANESSA
SKANES; M. JEANETTE
SLAUGHTER; DORITA TEATE;
SARAH THORNHILL;
DOROTHY THRASH; LURENE
TURNER; HAYWOOD
WHITLEY; CAROLYN
WILLIAMS; LUCILLE T.
WILLIAMS; NORMA
WILLIAMS; KEINA WRENTZ;
SWEETWATER A. BROWN,
WHO SUES BY AND THROUGH
HER MOTHER AND NEXT OF
FRIEND ESTHER HUGHES;
O'SHAE WILLIAMS, WHO SUES
BY AND THROUGH HIS LEGAL
GUARDIAN AND NEXT OF
FRIEND BERNITA GOLDSMITH,
et al.,

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

**8**

|                          |   |
|--------------------------|---|
| **Plaintiffs,**          | * |
|                          | * |
|                          | * |
|                          | * |
| **vs.**                  | * |
|                          | * |
|                          | * |
| **PACTIV CORPORATION, et al.,** | * |
|                          | * |
| **Defendants**           | * |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### JURISDICTION

1.      Plaintiffs are citizens of the States of Alabama, Florida, Georgia, Indiana, Michigan, Mississippi, North Carolina, New York, Pennsylvania and Virginia and Defendants are corporations incorporated under the laws of the State of Delaware. PACTIV Corporation's principal place of business is in the State of Illinois, and Louisiana-Pacific Corporation's principal place of business is in the State of Oregon or the State of Tennessee. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. This Court has jurisdiction based upon diversity of citizenship and amount.

2.      We, the Plaintiff's in this Action, are entitled to be joined.

### VENUE

3.      Venue of this action is proper in the United States Federal District Court for the Middle District of Alabama, because many of the wrongful acts which caused

the Plaintiffs' injuries and damages occurred in Covington County, Alabama, and because the Plaintiffs were injured in Covington County, Alabama.

## DEFENDANTS

4.    PACTIV Corporation does business by agent in the State of Alabama and may be served through their registered agent for service of process, The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109.

5.    Louisiana-Pacific Corporation does business by agent in the State of Alabama and may be served by service on their registered agent for service of process, United States Corporation Company, 150 South Perry Street, Montgomery, AL 36104.

## PLAINTIFFS

### Cancer Group

5.    The Plaintiffs listed below are all persons, which have suffered cancer, leukemia and related diseases, which were proximately caused by exposure to hazardous substances, which were released into the environment by Defendants to this action. The above named Plaintiffs also claim damages resulting from other disorders, defects and diseases caused or related to exposure to the toxic chemicals described hereinafter in this Complaint. The Plaintiffs in this group are:

Betty J. Adams
Pamela M. Adams
Darlene Aguigui
Joe Aplin
Mildred Aplin
Charles Wayne Barrineau

Coleman B. Bass Sr.
Aretha Wright Belcher
Anderson Bradbury
Alice Bradley
Matthew F. Bradley
A.  Brooks

Janie Mae Brooks
Ruby Ann Brooks
Teresa Cassady
Brenda Chambers
Clyde Chambers
Prinscilla Anthony Chatman
Robert Lee Collins
Fred D Commander
Andrew David Dunn
Charlene Wise Edwards
Elizabeth Frazier
Mary Alene Gilbert
Gwen Gomillion
Martha Joe Gomillion
Fannie Lue Hartley
James F. Hattaway
Willie Paul Hattaway
Harold T. Hughes
James A. Hughes
Terry Hughes
Alex Hutchinson
Jackie Inabinett
Mary Jackson
Johnny L. Johnson
Raymond Kelley
Walter Kembro
B. Edgar Kyser
Betty Kyser
Everett Laird
Gracie T. Lewis
Nicole T. Lynn
Janice Nelson

Amy Amanda Norris
Lewis E. Owens
Louversia Parks
David Lavon Pickron
Ivan B. Pickron
Wilmer C. Pickron
Joann Qualls
Cornelius Reynolds
Fannie Mae Robinson
Willie Jewel Robinson
James E. Rogers
James Hubert Taylor Sr.
James T. Thornton Jr.
Johnny M. Todd
Glennie Turner
B. Ruth Van Zant
Floyd E. Warhop
Billie June Whitley
Vernell Wilkins
Jimmy Williams
Marion R. Williams
Ernest L. Williford
Marvin Dewayne Williford Sr.
Celesta Porter Wilson
Cody S. Martin, Who Sues By and Through His Mother and Next of Friend Joyce Martin
Robert Gene Vaughn, Jr., Who Sues By and Through His Father and Next of Friend Robert Gene Vaughn, Sr.

## Female Reproductive Organ Group

6.    The Plaintiffs listed below are all persons which have suffered female reproductive disorders, miscarriages, still births or cancer related diseases which were proximately caused by exposure to hazardous substances which were released into the

environment by Defendants to this action. The above named Plaintiffs also claim damages resulting from other disorders, defects and diseases caused or related to exposure to the toxic chemicals described hereinafter in this Complaint. The Plaintiffs in this group are:

Melissa Holley
Crystal Marie Jowers (Tarey)
Rose Barton Wilkerson
Ethel Ramona Adams
Phyllis I. Adams
Evelyn Anthony
Louise Ball
Sandra D. Barnes
Gloria A. Ferrell Battle
Susie Bettis
Susan Biddle
Cheybrel Bradberry
Dianna Hill Bradley
Angie Williford Bryan
Robyn L. Burnett
Agnes T. Cade
Carrie (Lynn) Carter
Elizabeth A. Cassady
Gloria DeVon Chambers-Spychalski
Ruby Chatman
Tara P. Chatman
Wanda Faye Chatman-Sledge
Jacklon Coleman
Tiffany Bradley Coleman
Ceola Collins
Carol B. Commander
Rachel M. Cook
Twanna Coon
Martha L. Corbin
Joanna Marie Cotton
Mary T. (Boykin) Edwards
Queen J. Feagin

Elizabeth Brooks Findley
Glenda Faye Fountain
Sherril D. Geohagan
Bernice Goldsmith
Lisa Harrison
Loretta Harrison
Debra Hartline
Paula Hattaway
Joann Henderson
Debra Hughes
Stacey Bodiford Inman
Norma Faye Johnson
Yolanda Yvette Jones
Kimberly Charlyse Kimbril
Evelyn A. Laird
Lois Aughtman Lassister
Joyce Johnson Martin
Inez Bradley Matthews
Joyce Carr Matthews
Joyce Elizabeth Matthews
Sarah M. Matthews
Catherine Parker McCray
Lakimma A. Moore
Jeanece Taylor Odom
Lois Ordes
Alice Orndorff
Barbara Adams Osborn
Ruby Francis Peacock
Joyce Perdue
Daphne Rowe
Melissa Collins Smiley
Genell Smith

Laura Leigh Strickland
Evelyn Marie Tatum
Sherry Taylor
Tammy Taylor
Tracie Boyington Thomas
Crissy Thompson
Tonyua L. Thrash
Emogene L. Tisdale

Melissa Thomas Toles
Sylvia Wallace
Sue Ann Wilkerson
Renee J. Williams
Victoria Williams
Elaine Stone Wilson
Marjerl Wilson (Lynn)
Wendy A. Windham

## Birth Defect Group

7.    The Plaintiffs listed below are all persons, which have suffered birth defects, which were proximately caused by exposure to hazardous substances, which were released into the environment by Defendants to this action. The above named Plaintiffs also claim damages resulting from other disorders, defects and diseases caused or related to exposure to the toxic chemicals described hereinafter in this Complaint. These Plaintiffs were also damaged by genetic and reproductive damages caused to their parents' exposure to toxic chemicals and hazardous substances. The Plaintiffs in this group are:

Jennifer Adams
Nicholas D. Adams
Joseph L. Barfoot
Sonny Lee Bedsole
Joanus Brown
Stacy Bryant
Clayton J. Burlison
James E. Cassady
Jimmy Nathan Cassady
Everett Lynn Christian
Yvonnie Jean Cook
Teresa Coon
Michael Travis Cotton

Samantha Garvin
Cynthia Ann Hallford
John L. Henderson
Robert Jason Hughes
Catherine Dukes Jackson
Robert John Jackson
Coretta James
Xavier Leshaun Jones
Vanessa Bradley Kelley
David Anthony Lynn
Ricky Joe Martin
Everett Jason Matthews
Jeanette Bradley Matthews

13

Kristen Joy Matthews
Ted Matthews
Jerri Lynn Nazario
Gwenever Jewel Peacock
Lori Nicole Pelham
Nicholas Pickron
Shumeka Robinson
Jackie M. Cook, Who Sues By and
    Through His Mother and Next of
    Friend Sherry Cook
Jonathan Andrew Barrineau, Who Sues
    By and Through His Mother and
    Next of Friend Cindy Barrineau
Clayton Andrew Bradley, Who Sues
    By and Through His Mother and
    Next of Friend Madonna Bradley
Nicholas Cassady, Who Sues By and
    Through His Mother and Next of
    Friend Laura Cassady
Frank Lee Cook, Who Sues By and
    Through His Mother and Next of
    Friend Sherry Cook
Ray William Hall, Who Sues By and
    Through His Mother and Next of
    Friend Wendy Hall
Angelena Hughes, Who Sues By and
    Through Her Mother and Next of
    Friend Esther Hughes
Joshua Lee Nance, Who Sues By and
    Through His Mother and Next of
    Friend April Nance

Linda Session
Frankie Lee Skanes
Jimmie Thomas
Monica Barton Walker
Everett Wallace
Francis Marie Williams

Heather Nichole Price, Who Sues By
    and Through Her Mother and
    Next of Friend Marie Price
Henry Stewart, Who Sues By and
    Through His Mother and Next of
    Friend Patricia Suggs
Amber Tatum, Who Sues By and
    Through Her Mother and Next of
    Friend Eva Tatum
Dawellyne Rowe Terry, Who Sues By
    and Through His Mother and
    Next of Friend Dahne Rowe
Sarah Thompson, Who Sues By and
    Through Her Mother and Next of
    Friend Katie Thompson
Darren Matthew Vaughn, Who Sues
    By and Through His Mother and
    Next of Friend Sharon Vaughn
Jenna Alexis Worrell, Who Sues By
    and Through Her Mother and
    Next of Friend Tracy Thompson

## Blood and Immune System Disorder Group

8.    The Plaintiffs listed below are all persons, which have suffered blood and

immune system disorders, and related diseases, which were proximately caused by

exposure to hazardous substances, which were released into the environment by

Defendants to this action.  The above named Plaintiffs also claim damages resulting from other disorders, defects and diseases caused or related to exposure to the toxic chemicals described hereinafter in this Complaint.  The Plaintiffs in this group are:

Oliver L.  Comalander
Jessie G.  Coon
David O.  Goodwin
Chris Pelham Sr.
Billie Wayne Perdue
Gregory   Robinson
Courtney  Thompson, Who Sues By
        And Through Her Mother and
        Next Of Friend Katie Thompson

Pamela A.  Holmes
Timothy  Hooks
Delores  Jones
Louise  Ward
George E.  Wilson

## Respiratory System Disorder Group

9.    The Plaintiffs listed below are all persons, which have suffered respiratory system disorders, and related diseases, which were proximately caused by exposure to hazardous substances, which were released into the environment by Defendants to this action.  The above named Plaintiffs also claim damages resulting from other disorders, defects and diseases caused or related to exposure to the toxic chemicals described hereinafter in this Complaint.  The Plaintiffs in this group are:

Derrick Armstrong
Howard A. Barrett
Jimmie Lou Bowman
Ronnie C. Davis
Mary Edna Frazier
Charlie H. Hill
Rosie L. Jackson
Jimmie Nell Marshall
Matthew Nettles

James Odom
Tommy Lee Peacock
Frankie Pelham
Jimmie Pelham
Henry G. Purdue
Christine NMN Reese
Zadie Jackson Robbins
Elmore NMN Thrash
Betty Joyce Todd

Hilda Wallace
Melvin L. Williams
Danny D. Wilson
Naydean C. Young
Yasmeen Davis, Who Sues By and
    Through Her Mother and Next of
    Friend Shannon Davis

Earnest Daniel Taylor, Who Sues By
    and Through His Father and
    Next of Friend Earnest Oscar
    Taylor

## Other Disorders Group

10.    The Plaintiffs listed below are all persons who have suffered personal injuries, damages and disease proximately caused by exposure to hazardous substances, which were released into the environment by Defendants to this action. The above named Plaintiffs also claim damages resulting from other disorders, defects and diseases caused or related to exposure to the toxic chemicals described hereinafter in this Complaint.  The Plaintiffs in this group are:

James Daniel Allen
Mary S. Anderson
Sheila D. (Parker) Armstrong
Terry Lynn Barnes
Martha J. Blackshear
Donna Wise Brackeen
Sherrill A. Bradberry
Helen Bradley
Janice Louise (Fountain) Burke
Charles Carson
Ruthie Carson
Treimona Carson
Lillie Chaney
Kelley Michelle Coone
Starla Doreen deSaussure
Diane B. Goldsmith
Beatrice Rachelle Harrison

Contessa  Hartley
Hamilton Henderson
Oma J. Henderson
Ernestine R. Holmes
Vivian H. Holmes
Carnell James
Dorothy F. James
April Jane Jowers
Lillie Kitt
Sonja V. Lewis
Joyce Ann Lynn (Robinson)
Edith Matthews
Lacrecia Matthews
Sharon C. Mattress
Ruby Miller
Charles D. Nolan
Serrena L. Orndorff-Nobles

| | |
|---|---|
| Mary F. Owens | Haywood Whitley |
| Orline Porter | Carolyn Williams |
| Subrina M. Price | Lucille T. Williams |
| LaVera Robbins | Norma Williams |
| Sharon Roof | Keina Wrentz |
| Michael Sanders | Sweetwater A. Brown, Who Sues By |
| Vanessa Skanes | and Through Her Mother and |
| M. Jeanette Slaughter | Next of Friend Esther Hughes |
| Dorita Teate | O'Shae Williams, Who Sues By and |
| Sarah Thornhill | Through His Legal Guardian and |
| Dorothy Thrash | Next of Friend Bernita |
| Lurene Turner | Goldsmith |

### Related Claims and Diseases

11.    All of the Plaintiffs in this action suffer from disease or defect caused by exposure to hazardous substances released into the environment by Defendants. Plaintiffs also suffer from disease related to their primary disease and some Plaintiffs suffer from multiple diseases or disorders. Inclusion in one of the subgroups set out above is not intended to limit Plaintiffs' claims for damages resulting only from the subgroup disease category. Plaintiffs' claims damages for all personal injury caused by toxic chemical released from Defendants' facility.

### BACKGROUND

12.    Plaintiffs make a claim for personal injuries and property damage caused by exposure to toxic chemicals and hazardous wastes, which were released into the environment from a wood treatment facility formerly owned and operated by the Defendants in Covington County, Alabama.

17

13.    The facility is located between the towns of Lockhart and Florala, Alabama, on a site formerly occupied by Lockhart Lumber Company, a predecessor to PACTIV Corporation.

14.    Emissions of hazardous substances by Defendants and/or their predecessor corporations into the environment proximately contributed to cause Plaintiff's injuries and damages.

15.    Plaintiffs resided in the Florala/Lockhart community for a period of time or Plaintiffs were present at other homes, businesses, and places of employment, churches and/or schools in the Florala/Lockhart area.

16.    PACTIV Corporation or its predecessor began operation of the facility in the late 1950's and engaged in the business of treating lumber and pine wood poles with creosote, pentachlorophenol and CCA (chromium, copper and arsenic).

17.    Energy for the Defendants' wood treatment operation was partly obtained by burning waste wood and bark in three boilers, which were used to create steam and provide heat and energy for the sawmill and wood treatment operation.

18.    The boilers used by Defendants were not licensed as hazardous substance or toxic waste incinerators.

19.    The boilers used by Defendants were not designed or intended to be used as hazardous substance or toxic waste incinerators.

20.    The boilers used by Defendants at the facility would not have safely disposed of hazardous substances or toxic waste burned in them.

21.    The boilers used by Defendants were not licensed as dioxin/furan compounds incinerators.

22.    The boilers used by Defendants were not designed or intended to be used as dioxin/furan compound incinerators.

23.    The boilers used by Defendants at the facility would not have safely disposed of dioxin/furan compounds waste burned in them.

24.    The boilers used by Defendants were not licensed as arsenic compounds incinerators.

25.    The boilers used by Defendants were not designed or intended to be used as arsenic compounds incinerators.

26.    The boilers used by Defendants at the facility would not have safely disposed of arsenic compounds burned in them.

27.    The boilers used by Defendants were not licensed as hexavalent chromium compounds incinerators.

28.    The boilers used by Defendants were not designed or intended to be used as hexavalent chromium compounds incinerators.

29.    The boilers used by Defendants at the facility would not have safely disposed of hexavalent chromium compounds burned in them.

30.     The boilers used by Defendants were not licensed as pentachlorophenol compounds incinerators.

31.     The boilers used by Defendants were not designed or intended to be used as pentachlorophenol compounds incinerators.

32.     The boilers used by Defendants at the facility would not have safely disposed of pentachlorophenol compounds burned in them.

33.     The facility also operated a teepee burner, which was used to burn waste or scrap wood.  Use of the teepee burner was discontinued by PACTIV on or about February 21, 1980.

34.     The Secretary of Health and Human Services maintains a list of substances known to be carcinogens, or which may be reasonably anticipated to be carcinogens.

35.     The Administrator of the Environmental Protection Agency, in cooperation with the Agency for Toxic Substances and Disease Registry and the National Toxicology Program, identifies a list of those hazardous wastes, which are carcinogens, mutagens, teratogens, or endanger human health.

36.     The United States Environmental Protection Agency, Office of Pesticides Program, also maintains a list of chemicals evaluated for carcinogenic properties.

37.     The Secretary of Health and Human Services and the United States Environmental Protection Agency lists creosote as a probable human carcinogen.

20

38.    Creosote is a mixture of chemicals and is probably carcinogenic to humans.

39.    The creosote mixture used by the Defendants at their Florala/Lockhart facility contained chemicals, which are known to cause cancer.

40.    The creosote mixture used by the Defendants at their Florala/Lockhart facility contained chemicals, which are believed to cause cancer.

41.    The Secretary of Health and Human Services and the United States Environmental Protection Agency lists pentachlorophenol as a probable human carcinogen.

42.    Pentachlorophenol is probably carcinogenic to humans.

43.    The pentachlorophenol used by Defendants for wood treatment at the subject wood treatment facility was also contaminated with dioxin/furans.

44.    Dioxin and/or dioxin/furans contaminates in pentachlorophenol used at the facility included 2,3,7,8-tetrachlorodibenzo-p-dioxins, other tetrachlorodibenzo-p-dioxins, pentachlorodibenzo-p-dioxins, hexachloro- dibenzo-p-dioxins, heptachlorodibenzo-p-dioxins, tetrachlorodibenzo-furans, pentochlorodibenzo-furans, hexachlorodibenzo-furans, heptachlorodibenzo-furans, octachlorodibenzo-furans and optachlorodibenzo-p-dioxins.

45.    The pentachlorophenol used by Defendants at the Florala/Lockhart facility contained chemicals, which are known to cause cancer.

46.    The creosote used for wood treatment at the wood treatment facility by Defendants was contaminated with polycyclic aromatic hydro- carbons (PAHs).

47.    The creosote or wood treatment chemicals used by Defendants at the wood treatment facility was further contaminated with or contained benzene.

48.    Benzene is listed by the Secretary of Health and Human Services and United States Environmental Protection Agency as a known human carcinogen.

49.    The wood treatment chemicals used by Defendants at the subject wood treatment facility also were contaminated with or contained other chemicals which are generally scientifically recognized to be human carcinogens, to cause birth defects, or to be accelerants and promoters of cancer in humans.

50.    The Defendants also made use of cooling tower corrosion inhibitors, which contained hexavalent chromium and after 1985, made use of wood treatment chemicals, which contained hexavalent chromium.

51.    The Secretary of Health and Human Services and United States Environmental Protection Agency list chromium (VI) as a known human carcinogen.

52.    The wood treatment operation employed by Defendants created or generated waste water when water in wood products was replaced by treatment chemicals in a pressurized treatment cylinder or "retort."

53.    The wastewater created or generated by Defendants was contaminated with toxic or hazardous chemicals from the treatment chemicals.

22

54.    The Defendants further operated or maintained water evaporation and containment areas, or lagoons.

55.    The Defendants PACTIV and L-P engaged in the air disposal of toxic waste water by maintaining a spray field of spray nozzles which sprayed toxic waste water into the air over disposal lagoons.

56.    Defendants illegally burned toxic and hazardous wastes from their lagoons and waste disposal pits.

57.    Beginning November 1983, Louisiana-Pacific Corporation (herein referred to as "L-P") began ownership and operation of the subject wood treatment facility.

58.    L-P continued operating the facility with the same local management in the same manner as PACTIV.

59.    Within a year after L-P began operation of the facility they began using another wood treatment chemical, which contained copper, arsenic and chromium (CCA).

60.    In addition to the toxic waste that it created, L-P assumed responsibility to dispose of toxic or hazardous waste left at the facility by PACTIV.

61.    The Secretary of Health and Human Services and the United States Environmental Protection Agency lists arsenic as a known human carcinogen.

62.    Arsenic is known to cause cancer in humans.

23

63.    During its term of operation, the Defendant PACTIV sprayed toxic waste into the air.

64.    During its term of operation, the Defendant PACTIV placed toxic wastes in its boiler and engaged in the burning of toxic waste.

65.    During the term of its operation, L-P sprayed toxic wastewater into the air.

66.    During the term of its operation L-P placed toxic wastes in its boiler and engaged in the burning of toxic waste.

67.    The Defendant PACTIV further burned toxic sludge from their toxic waste containment lagoon by putting it in the boilers.

68.    The Defendant L-P further burned toxic sludge from their toxic waste containment lagoon by putting it in the boilers.

69.    Defendants engaged in the burning of hazardous wastes, which were contaminated with known human carcinogens or with probable human carcinogens and toxic waste.

70.    The Defendants also used sawdust to filter and contain hazardous wastes from the wood treatment solutions and their wastewater.

71.    The sawdust used by Defendants was, at times, contaminated with creosote.

24

72.    The sawdust used by Defendants was, at times, contaminated with pentachlorophenol.

73.    The sawdust used by Defendants was, at times, contaminated with dioxin/furan compounds.

74.    The sawdust used by Defendants was, at times, contaminated with PAH's.

75.    The sawdust used for containment by L-P was further contaminated with arsenic.

76.    The sawdust filter material used to filter wastes by Defendants was burned in the operation boilers.

77.    Defendants engaged in the nocturnal and weekend discharge and/or burning of toxic and hazardous wastes.

78.    Weekend or nocturnal burning was less likely to be detected by regulators or noticed by the community.

79.    Defendants sprayed toxic waste into the air, which was contaminated with known human carcinogens or probable human carcinogens.

80.    Certain chemicals of concern were utilized, discharged, disposed, emitted, or otherwise released into the local environment by Defendants at the wood preserving facility.

81.    The groups of chemicals utilized, discharged, disposed, or otherwise released by Defendants included, but are not limited to, coal-tar creosote, pentachlorophenol, cooling tower corrosion inhibitors, metals, arsenic, furans and dioxins, as well as particulates containing metallic ions and poly-cyclic aromatic hydrocarbons (PAHs).

82.    The physical forms of these chemicals to which Plaintiff was exposed include off-site migration of wood preservative liquids, waste liquids resulting from wood treatment processes at the facility, off-site migration of particulates, off-site migrations of vapors and gases of chemicals of concern at elevated temperatures, off-site migration of products and by-products of combustion resulting from on-site fires and burning operations and the off-site migration of aerosol droplets containing dissolved concentration of the above referenced chemicals of concern from a variety of on-site process operations.

83.    The Defendant PACTIV released or caused to be released toxic or hazardous chemicals into the adjacent streams or ditches and thus discharged hazardous toxic chemicals.

84.    The Defendant L-P caused or allowed the discharge of hazardous chemicals and toxic waste by discharge into adjacent streams or ditches.

85.    Groundwater at the facility has been contaminated by toxic and hazardous wastes.

86.    Groundwater at the facility, which is contaminated by toxic and hazardous wastes, has migrated off-site.

87.    The Defendants released toxic chemicals into the local atmosphere as a result of wood treatment operations and by drips, spills, leaks, cooling tower discharges and accidents in their waste disposal practices.

88.    The Defendants engaged in the discharge of toxic waste fluids.

89.    The Defendants allowed the discharge of toxic chemical vapors, particulates and aerosols into the air.

90.    The day-to-day operations of Defendants' wood treatment process resulted in the discharge of toxic waste, hazardous substances and known or probable human carcinogens.

91.    Defendants used toxic wastes to make roadways on the facility and scattered it about.

92.    Waste ashes from the facility boilers contained substances listed by EPA as human carcinogens or probable human carcinogens or likely human carcinogens.

93.    Ashes from the boilers were dumped on the facility property.

94.    Toxic chemicals and toxic boiler ashes spread over the facility and contributed to toxic dust, which was subject to wind transportation.

95.    PACTIV did not adequately train their employees, management or personnel and did not inform their management, employees or personnel of the

dangers associated with the chemicals used in their wood treatment facility or operation.

96.    L-P did not adequately train their employees, management or personnel and did not inform their management, employees or personnel of the dangers associated with the chemicals used in their wood treatment facility or operation.

97.    Defendant PACTIV was aware of the hazardous nature of pentachlorophenol, creosote and the chemical constituents contained therein.

98.    Defendant L-P was aware of the hazardous nature of pentachlorophenol, creosote, CCA and the chemical constituents contained therein.

99.    Both PACTIV and L-P were aware of the hazardous nature of the air emissions as well as the hazardous nature of the waste that was being disposed into ditches and creeks.

100.   Both PACTIV and L-P were aware of the hazardous nature of the air emissions as well as the hazardous nature of the boiler ash that was being disposed into ditches and creeks.

101.   The Defendant PACTIV sold scrap wood, which contained wood treatment chemicals for use as firewood in neighboring homes.

102.   The Defendant L-P sold scrap wood, which contained wood treatment chemicals for use as firewood in neighboring homes.

103.   Pentachlorophenol, creosote, pentachlorophenol constituents, creosote constituents, CCA, CCA constituents, pentachlorophenol, creosote, benzene, PAHs and dioxin/furans and pesticides used as wood treatment chemicals have been identified as causing serious and permanent health problems, including, but not limited to, various types of cancer, lung cancer, breast cancer, bone cancer, kidney cancer, liver cancer, Scleroderma, leukemia, sarcoidosis, gastrointestinal problems, hematological problems, neurological problems, lupus, kidney problems, female reproductive organ disease, reproductive problems, eye disease, skin disease, respiratory disease, sinus problems, coughing, miscarriages, premature births and birth defects.

104.   At all times pertinent hereto, Defendants knew or should have known that the treatment process at the subject wood treatment facility utilized materials which had been identified as hazardous or toxic chemicals and that they presented a danger to human health.

105.   Defendants were aware of the health risks to nearby residents associated with operation of their wood treatment plant and the toxic chemicals released there from.

106.   In spite of Defendants' knowledge that much of the surrounding neighborhood would be affected by release of toxic chemicals, no information was ever disseminated to the Plaintiffs or to the public.

29

107.  The Defendants made no effort to warn the Plaintiffs or surrounding neighborhoods or public of the nature of the disease or cancer causing emissions from their facility.

108.  The toxic chemicals emitted by Defendants were persistent when deposited in Plaintiffs' homes and environment so that Plaintiffs continued to be exposed to them even after the time of emission.

109.  Subsequent to 1997, the Defendants have both exercised control of the facility and have both assumed responsibility for environmental remediation of the site.

110.  Plaintiffs aver the toxic chemicals continue to migrate off site and continue to contaminate Plaintiffs' person and property.

111.  There were instances when PACTIV did not comply with Alabama Department of Environmental Management (ADEM) regulations at the Lockhart wood treatment facility.

112.  There were instances when PACTIV did not comply with United States Environmental Protection Agency regulations at the Lockhart wood treatment facility.

113  There instances when L-P did not comply with Alabama Department of Environmental Management (ADEM) regulations at the Lockhart wood treatment facility.

114.    There were times when L-P did not comply with United States Environmental Protection Agency regulations at the Lockhart wood treatment facility.

115.    At all times pertinent hereto, the Defendants PACTIV and L-P by through their agents, servants, employees, or officers operated the wood treatment plant in such a manner as to cause the release of arsenic, pentachlorophenol, dioxin/furans, creosote and their constituents which contained hazardous substances and toxic chemicals.

116.    The fact that Plaintiffs were present at homes in various locations in the Florala/Lockhart area caused them to be exposed to toxic chemicals and/or hazardous substances or known or probable human carcinogens which were released or produced at Defendants' wood treatment facility in Lockhart, Alabama.

117.    Plaintiffs allege that the exposure to the toxic or hazardous waste originating from the Defendants' wood treatment facility proximately caused Plaintiffs to suffer physical and emotional injuries and damages, including pain and suffering, loss of wages, medical expenses, future medical expenses and severe and disabling life threatening injuries which have caused the Plaintiffs to suffer loss of enjoyment of their life and which will probably contribute to their death.

118.    Plaintiffs' homes and property was contaminated by the hazardous substances, which Defendants caused or allowed to be deposited in and upon Plaintiffs' homes and real property (for those Plaintiffs who are property owners). As

a result, remediation and removal of the hazardous substances is required and Plaintiffs' property has been caused to decrease in value.

119.  Plaintiffs suffered from a disease that is latent and which does not manifest itself until after a lengthy period of time after initial exposure.

120.  Plaintiffs did not know and reasonably had no knowledge or way of ascertaining that their disease was caused by toxic chemicals originating from Defendants' wood treatment facility until a time period within two of the years of the date of the filing of this complaint.

121.  Plaintiffs further allege that the Defendants have entered into a tolling agreement and have agreed not to assert the statute of limitations based upon a computation of time which includes any time that accrued during the time defined by the parties' tolling agreement.

122.  During the period of time that Defendants operated or controlled the subject facility, Defendants created, stored or disposed of toxic chemicals or hazardous substances or chemicals which were regulated by state and federal law.

123.  Defendants were required by law to maintain written records of their disposal of toxic and hazardous chemicals.

124.  Defendants were required by law to maintain written records of their airborne emissions of toxic and hazardous chemicals.

125.  The Plaintiffs aver that the Defendants had a duty to make and maintain written records of toxic and hazardous chemical emissions.

126.  Plaintiffs aver that the Defendants had a duty under the law to keep records of all toxic and hazardous chemicals, which they stored on their premises.

127.  Plaintiffs aver that Defendants were required by law to keep written records of any hazardous waste, which they disposed of either on-site or off-site.

128.  In October 2004, Defendant L-P had actual knowledge of the pending or potential litigation, which would be filed against them by Plaintiffs.

129.  Upon information and belief, Plaintiffs aver that with knowledge of claims that would become litigation, Louisiana-Pacific Corporation destroyed or disposed of material evidence and documents.

130.  Plaintiffs are entitled to benefit of the substantive law of the State of Alabama, including an inference of Defendants' guilt, culpability or awareness of their liability because of spoliation of evidence.

131.  Plaintiffs have exhausted all efforts, including administrative remedies, to redress their damages and cause Defendants to remediate the facility, surrounding area, groundwater and Plaintiffs' homes.

132.  The Plaintiffs assert that they would obtain real and substantial benefit if the Court ordered Defendants to remediate and properly remove toxic chemicals from the subject facility, surround area, groundwater and Plaintiffs' homes.

133.   Plaintiffs are further entitled to injunctive and equitable relief, including costs of this action and attorneys' fees.

## COUNT ONE

### NEGLIGENCE

134.   Defendants had a duty to Plaintiffs since the commencement of their operation and continuing to the date of this lawsuit.

135.   Plaintiffs were foreseeable victims of the dissemination of toxic fumes and toxic waste into the air, soil and water, which evaded the properties, homes and community in which Plaintiffs lived for years.

136.   The Defendants, their officers, directors, agents and employees knew or should have known with the exercise of reasonable care that their operations emitted toxic and hazardous substances and particulates, or with the exercise of reasonable care should have known that the emissions would injure the health of the persons or public who lived near the Defendants' facility, including the Plaintiffs.

137.   At all times pertinent to this lawsuit, the Defendants failed to use due care to avoid injuring the Plaintiffs.

138.   The contamination of air surrounding Defendants' facility could have been eliminated or substantially reduced by the exercise of reasonable care and timely installation of effective treatment facility air pollution control devices and other state of the art methods.

34

139.   The Defendants negligent acts or omissions proximately caused Plaintiffs to suffer physical and emotional injuries and damages, including pain and suffering, loss of wages, medical expenses, future medical expenses and severe and disabling life threatening injuries which have caused the Plaintiffs to suffer loss of enjoyment of their life and which will probably result in their death.

140.   As a direct and proximate consequence of the negligent acts and omissions of the Defendants, their agents, employees and representatives, Plaintiffs suffered physical and emotional injuries and damages, including pain and suffering, loss of wages, medical expenses, future medical expenses and severe and disabling life threatening injuries which have caused the Plaintiffs to suffer loss of enjoyment of their life and which will probably result in their death.

## COUNT TWO

## RECKLESSNESS

141.   The failure of Defendants, their officers, agents and employees to prevent the contamination of air or soil or water in the Florala/Lockhart area was wanton and exhibited a reckless disregard for the lives and health of the Plaintiffs and persons in surrounding neighborhoods.

142.   As a direct and proximate result of gross negligence and wanton acts of the Defendants Plaintiffs suffered physical and emotional injuries and damages, including pain and suffering, loss of wages, medical expenses, future medical

expenses and severe and disabling life threatening injuries which have caused the Plaintiffs to suffer loss of enjoyment of life and will probably result in their death.

143.   The Defendants' gross negligence, reckless and wanton acts and their reckless disregard for the safety of the Plaintiffs and the public surrounding their facility entitles the Plaintiffs to punitive damages in order to punish Defendants, to deter Defendants from such conduct in the future and to deter others from engaging in such irresponsible activity.

## COUNT THREE

### NEGLIGENCE PER SE

144.   Defendants violated the standards provided by Code of Alabama 22-27-3(e) by burning hazardous wastes without using an approved incinerator meeting temperature requirements and air pollution controls.

145.   Defendants also violated the provisions of the Alabama Hazardous Wastes Management Act (Code of Alabama 22-30-1 thru 24) by disposing of hazardous waste without a permit or in a manner that their permit did not allow.

146.   Defendants violated the provisions of the Alabama Air Pollution Control Act of 1971 (Code of Alabama 22-28-1 thru 23) by violation of the Rules and Regulations of the Alabama Department of Environmental Management and by disconnecting air pollution control devices installed on company wood fired boilers.

147. The Defendants violated the Alabama Environmental Management Act (Code of Alabama 22-22A-1 thru 6), the Alabama Solid Waste Disposal Act (Code of Alabama 22-27-1 thru 49) and the Alabama Hazardous Waste Management Act (Code of Alabama 22-30-1 thru 24) by burning hazardous waste without a permit, creating a hazardous substance ash dump, by disconnection of temperature and/or pollution control devices and by violating the rules and regulations of the State of Alabama, including the Alabama Department of Environmental Management Administration Code, by:

    a.    a violation of Regulation 335-3-3-.05(19)(c) when Defendants failed to meet continuous compliance requirements by burning a different type of waste other than the type waste used to establish boiler operating limits, or

    b.    a violation of regulation 335-3-14-.01(1)(b) by operating equipment which issued air contaminates without a permit or in violation of permit, or

    c.    a violation of 335-3-4-.02(1) and (2) by allowing hazardous materials which Defendants handled, stored or used to become airborne or migrate off site, or

d.      a violation of 335-14-7-.08 by burning hazardous waste in a wood fired boiler or by operating a boiler without an automatic feed cut-off functioning, or

e.      a violation of 335-14-X by failing to properly train personnel who stored, used or disposed of hazardous wastes, or

f.      a violation of 335-14-5 by disposing of hazardous wastes without permit or in violation of permit requirements, or

g.      a violation of 335-14-7-.08 subpart H for use of an industrial boiler to dispose of hazardous wastes in a manner not allowed or exempted, or

h.      a violation of federal rules and regulations adopted by the State of Alabama.

148.    Defendants violated the requirements and standards of the laws of the United States, including the Resource Conservation and Recovery Act, the Clean Air Act, the Clean Water Act, the Solid Waste Disposal Act and the Comprehensive Environmental Response Compensation and Liability Act.

149.    In particular, the Defendants violated the standards, rules and regulations of the United States Environmental Protection Agency, which were promulgated pursuant to the above-described public laws.

150.    The Defendants violated the following regulations:

a.   40 C.F.R. 266.102 by operating an individual boiler in a manner that was not in accordance with permit requirements, or

b.   40 C.F.R. 264.344 by operating a hazardous waste incinerator without permit and which would not have complied with permit requirements, or

c.   40 C.F.R. 61.05 by operating a source of hazardous pollutants without permit and in violation of any permit requirements.

152.  Plaintiffs aver that Defendants' violations of the laws and regulations of the State of Alabama, the regulations of the State of Alabama which incorporate federal standards, and the regulations of the United States Environmental Protection Agency constitute a violation of a duty intended to prevent harm to persons similar to Plaintiffs and that the Defendants' violations are evidence of a breach of duty to Plaintiffs.

153.  As a proximate consequence of the aforestated negligence per se, Plaintiffs suffered physical and emotional injuries and damages, including pain and suffering, loss of wages, medical expenses, future medical expenses and severe and disabling life threatening injuries which have caused the Plaintiffs to suffer loss of enjoyment of their life and will probably result in their death.

## COUNT FOUR

## INTENTIONAL TORT

154.   Defendants knowingly and intentionally failed to investigate fully and prevent sources of their off-site air contamination and failed to make any efforts to remediate the same so that injury to the Plaintiffs and other persons was certain or substantially certain.

155.   The Defendants' acts manifest an extreme indifference to human life and created a risk of death or severe disease in persons exposed to the hazardous and toxic wastes of Defendants.

156.   Defendants intentionally released toxic and hazardous chemicals into the air in violation of law.

157.   Plaintiffs were foreseeable victims of Defendants' wrongful acts.

158.   As a direct and proximate consequence of the knowing and intentional acts of Defendants and their agents, servants, employees, or representatives, Plaintiffs suffered physical and emotional injuries and damages, including pain and suffering, loss of wages, medical expenses, future medical expenses and severe and disabling life threatening injuries which have caused the Plaintiffs to suffer loss of enjoyment of their life and will probably result in their death.

159.   Plaintiffs further allege that the Defendants were aware that the volume of wood treatment and production at the Florala/Lockhart wood treatment facility

exceeded the facilities ability to treat and contain toxic wastes. Defendants refused to install and maintain effective pollution control devices because they knew that they would soon cease operations at the facility due to the fact that their lumber operations and the cutting of trees consumed the areas ability to produce merchantable timber.

160.   Defendants did not use proper pollution control devices and disposed of toxic chemicals by burning in order to increase their profits.

161.   The Defendants' knowing and intentional acts in violation of the laws of the State of Alabama entitle the Plaintiffs to receive punitive damages in order to punish Defendants, to deter the Defendants from such conduct in the future and deter others from engaging in such irresponsible activity.

## COUNT FIVE

## NEGLIGENT FAILURE TO TRAIN AND SUPERVISE

162.   Defendants negligently failed to properly train their employees concerning the hazards of the toxic substances, which were used, stored or disposed of at the facility.

163.   Defendants negligently failed to properly train their employees on methods of safe handling of the toxic substances used, stored or disposed of at the facility.

164.   Defendants negligently made a decision to burn harmful toxic chemicals and hazardous waste in a boiler that was neither designed nor intended to incinerate

41

toxic chemicals. Defendants further carried out the aforesaid negligent decision by negligent day-to-day activities and the burning of hazardous substances in an illegal or improper manner.

165. As a proximate consequence of the Defendants' aforestated negligence, the Plaintiffs were caused to suffer injuries and damages.

## COUNT SIX

## PRODUCTS LIABILITY

166. The Defendants engaged in the sale of firewood to residents and persons in the Florala/Lockhart community.

167. The firewood or wood for use in home or stove fires sold by the Defendants included wood which had been treated with toxic wood treatment chemicals.

168. The wood sold by Defendants was burned by person's homes in the neighboring community in a foreseeable and intended use.

169. The Defendants were engaged in the manufacture and sale and placement of wood and wood products into the stream of commerce for commercial purposes.

170. The firewood sold by Defendants was defective and unreasonably dangerous when burned because it emitted toxic and hazardous waste products into the air.

171.    As a proximate consequence, Plaintiffs suffered physical and emotional injuries and damages, including pain and suffering, loss of wages, medical expenses, future medical expenses and severe and disabling life threatening injuries which have caused the Plaintiffs to suffer loss of enjoyment of their life and will probably result in their death.

## COUNT SEVEN

### FAILURE TO WARN

172.    The Defendants failed to warn the Plaintiffs and members of the public of the dangerous health aspects related to their respective operation and the by-products, air emissions and other toxic emissions that were released.  Specifically, Defendants failed to provide the Plaintiffs and other persons similarly situated and the public at large with warnings of dangerous emissions resulting from their industrial wood treatment facility which was within the knowledge or obvious to the Defendants, but not obvious or known to the ordinary person.

173.    The dangers include the fact that the Defendants' operation included emissions which were highly dangerous to the health of persons exposed to them and that they caused or contributed to the development of a wide variety of damages and injuries, including cancer.

174.    The danger also included the toxic air emissions that Defendants caused.

175.    Defendants further failed to provide Plaintiffs and others with knowledge as to what would be a reasonable, safe and sufficient protection, if there were any, to protect the Plaintiffs and others from harm and life threatening injuries as a result of exposure to the Plaintiffs and others by the Defendants' emissions.

176.    The Defendants have negligently and recklessly failed and refused to warn and advise the Plaintiffs and others similarly situated, including the public at large, of the dangers caused by Defendants' past emission of toxic chemicals which the Defendants knew or should have known has endangered the Plaintiffs and others by invading their homes, property, breathing zone, schools and the places that they occupy.

177.    Despite their knowledge that their toxic emissions have contaminated the environment where Plaintiffs lived, even at the present time the Defendants have failed to warn the Plaintiffs and others.

178.    Defendants' failure to warn took place before, during and after the Plaintiff was exposed to Defendants' toxic emissions.

179.    Defendants' breach of duty to warn the Plaintiffs of the dangers proposed by their exposure to Defendants' toxic emissions are a substantial contributing cause to Plaintiffs' injuries.

180.    As a direct and proximate consequence of the acts or omissions and Defendants' failure to warn, Plaintiffs suffered physical and emotional injuries and

44

damages, including pain and suffering, loss of wages, medical expenses, future medical expenses and severe and disabling life threatening injuries which have caused the Plaintiffs to suffer loss of enjoyment of their life and will probably result in their death.

## COUNT EIGHT

### NUISANCE

181. The acts and omissions described in this Complaint constitute a NUISANCE.

182. The Defendants have used their facility in such a manner as to cause hurt and damage to the Plaintiffs.

183. The nuisance created and maintained by the Defendants has proximately caused injury and damage to each of the Plaintiffs and includes both physical and emotional injuries and damages, pain and suffering, loss of wages, medical expense, loss of enjoyment of life and diminution of the value of the property of those Plaintiffs who own property within two miles of the facility.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendants for both compensatory and punitive damages to be determined by the trier of fact and costs.

Plaintiffs further pray for equitable and injunctive relief. Plaintiffs, who are property owners, pray that this Court will issue an order requiring Defendants remove all hazardous substances, which they have caused to be placed on Plaintiffs' property.

Plaintiffs further demand judgment for attorney fees, interest and costs.

W. Eason Mitchell (MIT020)
The Colom Law Firm, LLC
Post Office Box 866
Columbus, MS 39703-0866
Telephone: (662) 327-0903
Facsimile: (662) 329-4832
emitchell@colom.com

Gregory A. Cade (CAD010)
Environmental Litigation Group, PC
3529 Seventh Avenue South
Birmingham, AL 35222
Telephone: (205) 328-9200
Facsimile: (205) 328-9206
gregcade@elglaw.com

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY

_____
OF COUNSEL

## COUNSEL FOR THE DEFENDANTS HAVE AGREED TO ACCEPT SERVICE.  PLEASE SERVE DEFENDANTS AT:

**Attorneys for PACTIV Corporation**

John C. Berghoff, Jr.
Mayer, Brown, Rowe & Maw, LLP
71 South Wacker Drive
Chicago, Illinois 60606

**Attorneys for Louisiana-Pacific Corporation**

Bernard Taylor
Alston & Bird, LLP
1201 West Peachtree Street
Atlanta Georgia 30309-3424

47