IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY J. ADAMS, *et al.*, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PACTIV CORPORATION and LOUISIANA- )<br>PACIFIC CORPORATION, )<br>)<br>Defendants. )<br>) | Civil Action No.<br>2:06-CV-660-LES-CSC |

**DEFENDANT LOUISIANA-PACIFIC CORPORATION'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO DISMISS COUNT SIX**

Pursuant to Fed. R. Civ. P. 12(b) and 7(b), Defendant Louisiana-Pacific Corporation ("Louisiana-Pacific") submits this Memorandum of Law in Support of its "Motion to Dismiss Count Six" filed concurrently herewith. As set forth below, Rule 12(b)(6) requires this Court to dismiss Count Six because it fails to state a claim upon which relief may be granted.

BACKGROUND

This is one of eighteen elated lawsuits before this Court stemming from operations at a former lumber mill in Lockhart, Alabama (the "Facility").[1] Plaintiffs claim that Defendant

---

[1] *Chambers v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00083-LES-CSC; *Phillips v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00084-LES-CSC; *Thompson v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00085-LES-CSC; *Edwards v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00086-LES-CSC; *Madden v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00186-LES-CSC; *Davis v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00187-LES-CSC; *Douglas v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00188-LES-CSC; *Thompson v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00189-LES-CSC; *Kelley v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00190-LES-CSC; *Cravey v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00191-LES-CSC; *Adams v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00660-LES-CSC; *Cassady v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00679-LES-CSC; *Brooks v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00680-LES-CSC; *Anderson v. Pactiv Corp., et al.*,

Pactiv Corporation ("Pactiv") or its predecessor owned and operated the Facility from "the late 1950's" until November 1983. Complaint, ¶ 19, 60.  Louisiana-Pacific acquired the Facility in November 1983. Complaint, ¶ 60.

Relative to the instant motion, Plaintiffs claim that Louisiana-Pacific manufactured chemically-treated wood products and sold scrap wood to residents of Lockhart and Florala, Alabama for use as firewood. Complaint, ¶¶ 101-102, 166-167, 169.  According to Plaintiffs, chemicals made the firewood "defective and unreasonably dangerous when burned." Complaint, ¶ 170.  Count Six of the Complaint asserts a "Products Liability" against Louisiana-Pacific under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").  As shown below, however, Plaintiffs fail to allege the required elements of a valid AEMLD claim.

### STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), motions to dismiss must be granted where Plaintiff "can prove no set of facts in support of [a] claim which would entitle [Plaintiff] to relief." *Jones v. Phyfer*, 761 F.2d 642, 644 (11th Cir. 1985)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  This Court must therefore dismiss all causes of action that Alabama law does not recognize, *see, e.g., Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, No. 05-12320, 2006 WL 212219, at *11 (11th Cir. Jan. 30, 2006), and all causes of action for which Plaintiff fails to allege the necessary legal elements. *See, e.g., Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002).

---

Civ. No. 2:06-cv-00739-LES-CSC; *Harrison v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00757-LES-CSC; *Lawrence v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00758-LES-CSC; *Hamilton v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00759-LES-CSC; *K.C. v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00904-LES-CSC.

## ARGUMENT AND CITATION OF AUTHORITY

Pursuant to Rule 12(b)(6), this Court should dismiss Count Six for failure state a valid claim under the AEMLD.

### A.    Elements of a Valid AEMLD Claim.

The AEMLD is a judicially-created doctrine of strict liability for defective products based on Section 402A of the Restatement of Torts (Second). *See Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132-33 (Ala. 1976); *Atkins v. Am. Motors Corp.,* 335 So. 2d 134, 140-41 (Ala. 1976). To establish liability under the AEMLD, a plaintiff must show that (i) an injury was caused by one who sold a product in a defective condition that made the product unreasonably dangerous to plaintiff as the ultimate user or consumer; (ii) the seller was engaged in the business of selling such a product; and (iii) the product was expected to, and did, reach the user without substantial change in the condition in which it was sold. *See Casrell*, 335 So. 2d at 132-33; *Atkins* at 335 So. 2d 140-41.

### B.    Plaintiffs Fail to Allege that They Used or Consumed a Defective Product.

As noted above, the AEMLD imposes liability on parties who sell a defective product that is "unreasonably dangerous to the plaintiff as the ultimate user or consumer." *Casrell*, 335 So. 2d at 132; *Atkins*, 335 So. 2d at 141; *see also Rudd v. Gen. Motors Corp.*, 127 F. Supp. 2d 1330, 1333 (M.D. Ala. 2001). As the Alabama Supreme Court has noted, AEMLD liability attaches only because a defendant "has exposed expected users of a product not reasonably safe to unreasonable risks." *Atkins*, 335 So. 2d at 141. Thus, Plaintiffs cannot state a valid AEMLD claim unless they were "the ultimate user or consumer" of the firewood. *Casrell*, 335 So. 2d at 131.

3

In this case, no Plaintiff alleges that he or she actually used or consumed any chemically-treated scrap wood sold by Louisiana-Pacific. Complaint, ¶¶ 166-170. Nor does any Plaintiff allege that he or she indirectly or "passively" burned or used any allegedly contaminated firewood. *Id.*; *see Atkins*, 335 So. 2d at 148-49 (endorsing Restatement (Second) of Torts § 402(A), cmt. l). Instead, Plaintiffs assert an AEMLD cause of action based solely on the allegation that the general public burned chemically-treated scrap wood sold by Louisiana-Pacific. Complaint, ¶ 168.

Count Six thus fails as a matter of law. Because no Plaintiff alleges that <u>he</u> or <u>she</u> burned, used, consumed, or otherwise had a tangible connection to a defective product, Plaintiffs cannot state a claim under the AEMLD. Rule 12(b)(6) therefore requires this Court to dismiss Count Six.

**C.     Plaintiffs Fail To Allege That Louisiana-Pacific Was "In The Business" Of Selling Firewood.**

Likewise, Plaintiffs fail to allege that Louisiana-Pacific was "in the business of" selling firewood. Alabama law clearly establishes that the AEMLD only applies if "the seller was engaged in the business of selling" the allegedly defective product. *Casrell*, 335 So.2d at 132-33; *Atkins* at 335 So.2d 140-41. "That requirement excludes isolated or occasional sellers." *Baugh v. Bradford*, 529 So. 2d 996, 999 (Ala. 1988). Occasional sellers simply do not fall within the ambit of the AEMLD. *McGraw v. Furon Co.*, 812 So. 2d 273, 275-76 (Ala. 2001).

Here, Plaintiffs seemingly attempt to side-step this element of a viable AEMLD claim by alleging that Louisiana-Pacific's Facility "was engaged in the manufacture and sale and placement of wood and wood products." Complaint, ¶ 169. Plaintiffs do not allege, however, that Louisiana-Pacific was "in the business" of selling *firewood*, the specific product allegedly

4

causing their injuries. Indeed, Louisiana-Pacific allegedly sold the firewood as scrap material or co-product, not as a product manufactured as primary part of Louisiana-Pacific's regular business. Complaint, ¶¶ 101-102, 166-167, 169. Because the occasional sale of a discarded item does not render the seller "in the business" of selling a defective product, *McGraw*, 812 So. 2d at 275-76, Count Six fails to state a viable claim under the AEMLD and should be dismissed.

> **D.** **Plaintiffs Fail to Allege that Defective Firewood Reached End Users or Consumers Without Substantial Change in Condition, or that Louisiana-Pacific Expected it to Do So.**

Not only do Plaintiffs fail to allege that they actually used, consumed, or were exposed to any defective firewood and that Louisiana-Pacific was in the business of selling firewood, Plaintiffs also omit two other critical elements of a *prima facie* AEMLD claim. Proof that the allegedly-defective product reached the consumer without substantial change in the condition in which it was sold is an "essential element" of a viable AEMLD claim. *See Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839 (Ala. 2002). Plaintiffs must also show that a selling defendant actually *expected* the product to reach the end user or consumer without substantial change in condition. *Id.* Without both of these showings, Plaintiffs cannot recover under the AEMLD. *Clarke Indus., Inc. v. Home Indem. Co.*, 591 So. 2d 458 (Ala. 1991).

Here, Count Six does not allege that Louisiana-Pacific sold firewood that ultimately reached Plaintiffs, as end users or consumers, in substantially the same condition as when it was sold. *See* Complaint, ¶¶ 166-170. Nor do Plaintiffs assert that Louisiana-Pacific expected the firewood to reach the end users or consumers without a substantial change in condition. *Id.* Accordingly, Count Six fails to state an AEMLD claim upon which relief can be granted and should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Count Six pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted this 22nd day of December, 2006.

/s/Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

LEGAL02/30201687v2

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of December, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Mark R. TerMolen

John C. Berghoff, Jr.

Matthew C. Sostrin

John A. Earnhardt

H. Thomas Wells, Jr.

Richard Elder Crum

        /s/Orlyn O. Lockard, III
        Of Counsel